**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMUNDO ORTEGA RAMIREZ, | No. 24-5401 |
| Plaintiff - Appellant, | D.C. No. 5:21-cv-01155-GW-ADS |
| v. | MEMORANDUM[*] |
| RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, official capacity; CHAD BIANCO, Sheriff, individual; DENNIS VROOMAN, Under Sheriff, individual, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted July 31, 2026[**]

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

Raymundo Ortega Ramirez appeals the grant of summary judgment for

Sheriff Chad Bianco, Undersheriff Dennis Vrooman, and the County of Riverside

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

on his 42 U.S.C. § 1983 action arising out of a sewage overflow at the Cois Byrd Detention Center. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). There is a genuine dispute of material fact when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed. R. Civ. P. 56(a).

1. The district court correctly determined that Ramirez did not raise a genuine dispute of material fact as to the supervisory liability claims against Sheriff Bianco or Undersheriff Vrooman. We assume without deciding that Ramirez suffered a constitutional violation due to the sewage leak at his detention facility. Even so, Ramirez's supervisory liability claims fail because he cannot raise a genuine dispute of material fact that either Bianco or Vrooman had any knowledge of the unsanitary conditions. A supervisory official is liable under § 1983 when (1) the official was personally involved in the constitutional deprivation, or (2) there exists a sufficient causal connection between a supervisor's wrongful actions and the constitutional violations. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018). It is undisputed that neither Bianco nor Vrooman were present during the sewage leak, and Ramirez's blanket assertion that the officials were "the top policy makers" for the County

and were "responsible for their sheriff deputies training to follow their policies" provides an insufficient causal connection to create a genuine dispute of material fact. *Cf. Rodriguez*, 891 F.3d at 798 (holding that there was a genuine dispute of material fact as to a "sufficient causal connection" when sergeants directed their deputies' use of force).

2. The district court correctly determined that Ramirez did not raise a genuine dispute of material fact as to his *Monell* claim against the County because he cannot show that any policy or custom inflicted his injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). On appeal, Ramirez concedes that a cleaning policy exists and does not dispute whether the policy is sufficient. Instead, he argues that the staff did not properly implement this policy and that the County is liable for their actions and inactions. Ramirez contends, then, that either (1) there existed a custom to provide insufficient cleaning supplies or (2) the County failed to "train employees in a manner that amount[ed] to 'deliberate indifference'" to his constitutional rights. *Rodriguez*, 891 F.3d at 802–03. But to prove either theory, Ramirez needs to offer evidence of other examples of similar violations or show why the training was so insufficient. *See Gordon v. County of Orange*, 6 F.4th 961, 974 (9th Cir. 2021). At both summary judgment and here on appeal, Ramirez points only to evidence that he suffered a constitutional violation in this instance. He does not point to any example outside of the sewage leak to show that the

3                                                                                          24-5401

constitutional violation he suffered was the result of a pattern or happened because of insufficient training. Accordingly, his *Monell* claim fails. *See id.*

3. Because Ramirez does not offer evidence to defeat summary judgment as to either his supervisory liability or *Monell* claims, we need not reach whether Bianco or Vrooman are entitled to qualified immunity. We also need not reach Ramirez's other contentions, as they go to whether his constitutional rights were violated.

**AFFIRMED.**

24-5401